COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Beales and Senior Judge Annunziata

ARTHUR M. JONES AND MARY JONES
                                                MEMORANDUM OPINION[*]
v.        Record No. 1182-10-2                          PER CURIAM
                                                    FEBRUARY 22, 2011
HENRICO DEPARTMENT OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                            Catherine C. Hammond, Judge

                (Stephen L. Hewlett, on brief), for appellants.  Appellants
                submitting on brief.

                (Ellen R. Fulmer, Assistant County Attorney; Lauren A. Caudill,
                Guardian *ad litem* for the minor child, on brief), for appellee.
                Appellee and Guardian *ad litem* submitting on brief.


        Reverend Arthur M. Jones and Mary Jones appeal an order in which the trial court denied

them custody of their granddaughter, A.T.  Appellants argue that the trial court erred in finding that

they were not suitable custodians and by not investigating other family members for alternative

placement.  Upon reviewing the record and briefs of the parties, we conclude that the trial court

did not err.  Accordingly, we affirm the decision of the trial court.

                                        BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Henrico County Department of Social Services (the Department) first became involved with the child and her family in the fall of 2005.[1]  The mother physically abused A.T.  The Department provided services for the family and twice placed the children with appellants when the mother was hospitalized for psychiatric care.[2]

The Department subsequently learned that A.J. had been exposing himself to A.T.  The mother was unable to follow the safety plan developed with the Department, so A.J. was removed from the home.

On April 11, 2008, the Department removed A.T. from the home after the mother was unable to care for her due to the mother's psychiatric problems.  A.T. was placed in foster care.

Appellants indicated to the Department that they would like custody of A.T.  They obtained psychological evaluations, but failed to follow through with reunification therapy.

On February 11, 2010, the juvenile and domestic relations district court terminated mother's parental rights and held that appellants were not in a position nor were they qualified to have custody of A.T.  Appellants appealed.  The trial court heard evidence on April 20, 2010, and issued a letter opinion on April 28, 2010.  The trial court held that appellants were

> not suitable or competent custodians for [A.T.] because of their age, their unwillingness to recognize [A.J.'s] sexual abuse of [A.T.], their negative influence in 2006, and their failure to participate in the reunification plans recommended by [a foster care worker].  In addition, they have not been in contact with [A.T.] since 2008 and the relationship has suffered from the separation.

The trial court entered a final order on June 16, 2010, and this appeal followed.

---

[1] At the time, A.T. lived with her mother and her half-brother, A.J.  The children will be referred to by their initials.

[2] Mother was diagnosed with schizophrenia and bipolar disorder.

ANALYSIS

Appellants argue that the trial court erred in finding that they were not suitable custodians and by not investigating other family members for alternative placement.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

Before terminating a parent's rights, "the court shall give a consideration to granting custody to relatives of the child, including grandparents." Code § 16.1-283(A). The "Department has a duty to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options." Logan, 13 Va. App. at 131, 409 S.E.2d at 465.

Appellants informed the Department shortly after A.T. was placed in foster care that they were interested in having custody of her. The Department arranged for them to have psychological evaluations, which they completed. The counselor expressed concern that both appellants denied that any sexual abuse occurred between A.T. and A.J. The counselor confronted each of them with the fact that A.J. admitted the abuse and took a lie detector test, which showed that he was telling the truth. Appellants stated that they did not believe him and thought he was "fantasizing." A.T.'s counselor opined that it was important for A.T. to be able to openly discuss her thoughts and feeling about the abuse, and it could negatively impact her progress in therapy if her expressions were punished or negated. Despite their desire to have custody of A.T., appellants failed to follow through with the reunification therapy that was

recommended by the Department. At the time of the hearing, they had not seen A.T. for approximately two years.

The trial court did not err in concluding that appellants were "not suitable or competent custodians" for A.T. There was sufficient evidence to prove that placement with appellants would not be in A.T.'s best interests.

Appellants also argue that the trial court should have considered other relatives as possible placements for A.T. At trial, appellants presented Anna Williams as a possible relative placement.[3] Williams was the niece of Reverend Jones. She testified about her home and her willingness to take A.T. into her custody. However, on cross-examination, Williams admitted that she was not fully aware of why A.T. was in foster care and that she had only seen A.T. twice in the last five years.

The trial court received sufficient evidence to evaluate Williams as a possible placement for the child. See Hawthorne v. Smyth Cnty. Dep't of Soc. Servs., 33 Va. App. 130, 139, 531 S.E.2d 639, 644 (2000) (although the Department did not investigate a relative, the relative testified at trial, so "the trial court was presented with evidence for its consideration as to the suitability" of placing the child with a relative before it ordered termination of the parent's rights). The trial court concluded that it was now "too late" for Williams to come forward as a possible placement. In addition, the evidence proved that Williams did not know the extent of the abuse suffered by A.T. or about her therapy, nor did she know A.T. very well.[4]

In their brief, appellants also mention Florine Burton as a possible placement. Burton was present at trial, but after Williams testified, appellants' counsel said that Burton was not

---

[3] At no time since A.T. was placed in foster care did A.T.'s mother or appellants tell the Department about other possible relatives who could have been considered for placement.

[4] The trial court asked her if she knew A.T., and Williams responded, "Briefly."

going to be called as a witness. During closing argument, appellants did not argue that the trial court should have considered Burton as a possible placement. Appellants asked the trial court to consider either themselves or Williams as placements. Therefore, appellants' argument that Burton should have been considered as a possible relative placement was not presented to the trial court, and we will not consider it. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18.

Accordingly, the trial court did not err in finding that neither appellants nor Williams were suitable custodians.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.